IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE SANTANA, | ) | CASE NO. 1:14 CV 1154 |
| Plaintiff, | )<br>) | JUDGE DONALD C. NUGENT |
| v. | )<br>) | |
| CITY OF CLEVELAND POLICE DEPT., | )<br>) | MEMORANDUM OF OPINION<br>AND ORDER |
| Defendant. | )<br>) | |

Plaintiff *pro se* Jose Santana brings this 42 U.S.C. § 1983 action against Defendant City of Cleveland Police Department. He alleges in the Complaint that excessive force was employed by two Cleveland police officers during the course of his arrest, knocking his teeth out and causing him to bleed profusely. Plaintiff further alleges he did not receive treatment for his injuries.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

As a threshold matter, the Cleveland Police Department is not an entity capable of being sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Further, "a municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 691 (1978). *Monell* requires that "[t]o establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation[ ] visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.' " *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003)(quoting *Monell*, 436 U.S. at 690-91). Thus, even if the Complaint were liberally construed as seeking recovery from the City of Cleveland, it does not contain allegations indicating the City had a policy or custom that resulted in a violation of Plaintiff's constitutional rights.

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE